IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Criminal Case No. 16-mj-03187-KAR |
| v. | |
| ALBERTO MARTE, et al. | |
| Defendants. | |

## MEMORANDUM AND ORDER DENYING SO MUCH OF THE GOVERNMENT'S DETENTION MOTION AS SEEKS PRE-TRIAL DETENTION OF JIOVANNI RODRIGUEZ

With Alberto Marte and others, defendant Jiovanni Rodriguez is charged by complaint with conspiracy to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(A). The government has moved for pre-trial detention as to all of the defendants with the exception of defendant Anjuly Tavares, who is on pre-trial release subject to conditions. The court held an evidentiary hearing on so much of the government's detention motion as pertains to defendants William Brantley, Jose Narciso Rosario (also known as Eduardo Ferandez), Jiovanni Rodriguez, and Marcos Pena on October 4, 2016, and, at the conclusion of the hearing, took the government's motion under advisement as to these defendants.

According to the complaint and testimony at the hearing, the government contends that each of the defendants played a role in a conspiracy to distribute heroin that resulted in the distribution of between eight to twenty kilograms of heroin in Springfield each month from at least January 2016, when the investigation was initiated, through September 22, 2016, when law enforcement officers executed search warrants and arrested the defendants. The investigation

1

was initiated after heroin distributed in Western Massachusetts resulted in a number of overdoses and deaths. The government contends that Marte's organization was responsible for importing and distributing the heroin that resulted in overdoses. The government has invoked the presumption of detention set forth in 18 U.S.C. § 3141(e)(3)(A), which applies when a defendant is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

The question of pre-trial detention as to Jiovanni Rodriguez is close. The factors to be considered in determining whether to release a defendant are set forth in 18 U.S.C. § 3142(g), and include the nature and circumstance of the offense charged; the weight of the evidence as to guilt; the history and characteristics of the accused, including family ties, history relating to drug or alcohol abuse, criminal history, record concerning appearances at court proceedings, financial resources and employment; and the nature and seriousness of the danger to any person or the community that would be posed by a release. *See* 18 U.S.C. § 3142(g).

As to the nature of the crime at issue, defendant is charged with being a participant in a conspiracy to distribute large quantities of heroin in Springfield. The court heard evidence that when the defendant's residence was searched, law enforcement officers seized 3,000 to 4,000 stamp bags of heroin concealed in an unusual hide in a bedside table, along with an unspecified amount of currency. The government's evidence that the defendant was engaged in the distribution of heroin is strong. No evidence was introduced by the government, however, to show that Rodriguez drove any of the five vehicles alleged to have drug hides in them, handled cash for the conspiracy, or transported heroin from New York City to Springfield (as did others). Other than his own home, Rodriguez was never seen at any of the addresses that have been connected by surveillance to the alleged conspiracy. Based on the evidence introduced at the

detention hearing, a reasonable inference is that Rodriguez may be guilty of acquiring heroin from Marte's organization for purposes of distribution rather than playing a key role in the importation of heroin into this area.

In terms of his personal characteristics, Rodriguez turned himself into law enforcement after learning that a warrant had been issued for his arrest. He has no prior criminal history. He lives with a significant other, with whom he has a longstanding relationship, and their three children. Rodriguez is self-employed running a delivery business and has a history of steady employment. His significant other owns the home in which he lives with his family and is employed as a line supervisor in a local business.

Notwithstanding the presumption, *see* 18 U.S.C. § 3142(e)(3), based on the evidence about the role Rodriguez played in the alleged conspiracy and his personal background, and taking into account the recommendation for pretrial release by Probation and Pretrial Services, the court concludes that there are conditions of supervised release that will reasonably ensure the safety of other persons and the community and his future appearances in court if he is released pending trial. A form of conditions for pre-trial release of Rodriguez is attached hereto as exhibit 1. The United States Marshal is ordered to keep Rodriguez in custody until a surety bond is posted and all other conditions of release, including installation of location monitoring equipment, are satisfied, at which time Rodriguez will appear in court for a further hearing on the conditions of release.

Dated: October 6, 2016

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge